Frederick R. Westphal Informal Opinion County Attorney No. 2005-2 Cayuga County Office of County Attorney 160 Genesee St., 6th Floor Auburn, New York 13021
Dear Mr. Westphal:
You have asked whether a county clerk has authority to record a mortgage as discharged where the clerk is presented with a certificate of satisfaction, signed by a lending institution purporting to be the most recent assignee of the mortgage, but the records of the county clerk's office do not show that this lending institution is the assignee of that mortgage. You note that in a 1953 opinion addressing similar facts, this office concluded that a county clerk was not authorized to mark the record of a mortgage with the word "discharged," but was required to file and record the certificate. See 1953 Op. Att'y Gen. (Inf.) 142. We conclude that under Real Property Law ("RPL")
§ 321, the same result is required today.
RPL § 321(1)(a) provides that where it does not appear from the record that any interest in a mortgage has been assigned, a certificate of satisfaction must be signed by the mortgagee or the mortgagee's personal representative in order for the recording officer to mark the record of the mortgage as "discharged." Where it appears from the record that a mortgage has been assigned, the recording officer cannot mark the record of that mortgage with the word "discharged" unless a certificate is signed by "the person who appears from the record to be the last assignee" of the mortgage, or his or her personal representative.[1] RPL § 321(1)(b).
This requirement, authorizing the clerk to mark the record of a mortgage as discharged when presented with a certificate of discharge signed by the person who appears "from the record" to be the last assignee of that mortgage, advances the dual purposes of the recording acts, i.e., "to establish a public record which would furnish potential purchasers with notice" of previous encumbrances or conveyances, including assignments,[2] and "to protect the rights of innocent purchasers who acquire an interest in property without knowledge of prior encumbrances." See AndyAssoc., Inc. v. Bankers Trust Co., 49 N.Y.2d 13, 20 (1979). RPL § 321(1)(b) serves those purposes, in part, by requiring the last assignee of a mortgage to make his or her assignment part of the public record. Requiring that an assignee presenting a certificate to be marked as discharged be the last assignee of record also promotes a policy of consistency and reliability: the County Clerk does not have to rely on other documents outside the record to determine who is the true assignee entitled to have the mortgage discharged.
Other provisions of section 321 are not to the contrary. Section 321(3) requires that a certificate presented for recording where a mortgage has been assigned include the date of each assignment in the chain of title whether or not such assignment has beenrecorded. See RPL § 321(3).[3] But this is not inconsistent with the limitation that the record of a mortgage may not be marked as discharged where a mortgage has been assigned unless the recording officer is presented with a certificate of satisfaction signed by the last assignee of record. In both cases, the statute distinguishes between recorded and unrecorded assignments: RPL § 321(3) requires a certificate to state either: (i) the book and page number where an assignment has been recorded, or (ii) if an assignment has not been recorded, to "so state," while RPL § 321(1)(b) requires that a certificate be signed by the last assignee whose assignment has been recorded in order for the recording officer to mark the record of a mortgage as discharged.
RPL § 321(3) also provides that "if the assignment is being recorded simultaneously with the certificate of discharge, the certificate of discharge shall so state." In the present case, however, you have indicated that the lending institution presented the clerk only with a purported certificate of satisfaction, and did not present any assignment for recording. Under these circumstances, where the county clerk's records do not show that this lending institution is the mortgagee or the last assignee of record, the clerk would not be authorized to mark the record of the mortgage as discharged. See RPL § 321(1)(a),(b).
Under RPL § 321(2)(b), however, a recording officer is required to record "every other instrument relating to a mortgage," if that instrument is properly acknowledged or proved in a manner entitling a conveyance to be recorded. Such instruments include "certificates purporting to discharge a mortgage" that are signed by persons other than those specified in RPL § 321(1). RPL § 321(2)(b). Therefore, this provision appears to require the county clerk to file and record the certificate at issue, assuming it was properly acknowledged. However, as noted above, it would not authorize the clerk to mark on the record that the mortgage has been discharged under the facts as you have described them, where it does not appear from the record that this institution is the mortgagee or the last assignee of record.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General
In Charge of Opinions
By: Ann P. Zybert Assistant Solicitor General
[1] RPL § 321(1) also delineates the requirements for marking the record of a mortgage as discharged under other circumstances not applicable to the matter at issue, such as where a mortgage or an assignment names two or more persons, or involves partial assignments. See generally RPL § 321(1)(c)-(g).
[2] A "conveyance" includes assignments. See RPL § 290(3) ("The term conveyance includes every written instrument, by which any estate or interest in real property is created, transferred, mortgaged, or assigned.").
[3] RPL § 321(3) requires inclusion of, inter alia, the date of each assignment in the chain of title of the person signing the certificate, the assignor's and assignee's names, the interest assigned and, if the assignment has been recorded, the book and page where it has been recorded or the serial number of such record. If the assignment has not been recorded, the certificate "shall so state." RPL § 321(3).